UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| RACYTHANGS ENTERPRISES, LLC, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: 4:19-cv-50 |
| v. | § § | |
| THE STABLE, LLC and | § § | **A JURY IS DEMANDED** |
| DAVID F. DURANT, | § § § | |
| Defendants. | § | |

# COMPLAINT

Plaintiff Racythangs Enterprises, LLC ("RTE") for its Complaint against Defendants Alpine Aircraft Hangars, LLC d/b/a The Stable, Performance Cars ("The Stable") and David F. Durant ("Durant"), states as follows:

Parties

1. Plaintiff RTE is a Texas LLC having a place of business at 5616 Shubert Court, Dallas, Texas 75252.

2. Upon information and belief, Defendant, The Stable is a Texas LLC with a principal place of business at 511 W. Holland Ave., Alpine TX 79830. Upon information and belief, Defendant Durant is an individual residing at 900 N. Bird St., Alpine TX 79830 and is the registered agent for The Stable.

PLAINTIFF'S ORIGINAL COMPLAINT– PAGE 1

Jurisdiction and Venue

3. This is an action for infringement of a federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for federal trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for common law trademark infringement and unfair competition.

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338 because this is a civil action arising under an Act of Congress relating to trademarks. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. This Court has personal jurisdiction over the Defendants because they reside and do business in this district.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

Factual Background

8. Plaintiff RTE owns the "Terlingua Racing Team" and Rabbit Design trademarks, logos, and related intellectual property, including but not limited to U.S. Trademark Registration Nos. 2,984,824; 5,007,652; 5,681,239 and 5,698,008 (collectively, the "RTE Marks") (copies of the registrations are attached hereto as Exhibit A). The Reg. No. 2,984,824 features a Shield Logo bearing the term "Terlingua Racing Team," a stylized Rabbit, and other items. The Reg. Nos. 5,007,652 and 5,681,239 feature a Rabbit Logo of a stylized side view of a rabbit with upright ears and raised front paw. The Reg. Nos. 5,698,008 features the text "Terlingua Racing Team." The Reg. No. 5,740,373 features a Shield Logo bearing the term "Terlingua Racing Team," a stylized

Rabbit, the term "1860," and other items. These registrations are now outstanding and valid. The '824 registration has become incontestable under 15 U.S.C. § 1065.

9. Plaintiff and its predecessors-in-interest have been using the RTE Marks since long prior to the acts of Defendants which are the subject of this Complaint. The "Terlingua Racing Team" marks were created in the 1960s and the RTE logo appeared on stickers for use on automobiles at a race on Valentine's Day 1965. The RTE logo with the "mean looking rabbit on a chrome and yellow crest" is instantly recognizable to racing enthusiasts the world over. RTE trademark licensing includes or has included use on cars, car parts, toys, collectibles, memorabilia, branded apparel and accessories, and computer and electronic games, etc.

10. Although color is not claimed in the registered marks, RTE Marks almost always appear in the "team colors" of yellow and black.

11. The Stable is a privately held company operated by Defendant Durant. It sells, among other things, apparel and merchandise. The Stable has a place of business or store at 511 W. Holland Ave., Alpine TX 79830.

12. Upon information and belief, The Stable has sold and currently offers for sale goods bearing the RTE Marks obtained from authorized RTE licensees. For example, The Stable offers for sale auto accessories bearing the RTE Marks apparently obtained from authorized RTE licensee Designer Auto Accessories, Inc. (Exhibit B, p. 1, auto parts). In the past, The Stable also purchased for re-sale apparel bearing the RTE Marks from authorized licensee d/b/a BNMS Enterprises (a General Partnership of Robert M. Shaw and Billy R. Neale). (This Complaint does not seek relief regarding goods legally obtained by The Stable for re-sale from licensees of RTE.)

13. Without Plaintiff's authorization or permission, The Stable has sold and is selling and advertising new and unlicensed products on its website and social media (see,

thestablealpine.com and Facebook page "facebook.com/thestableperformancecars") bearing the RTE Marks.

14. Defendant The Stable's website advertises for sale "Terlingua Racing Team Merchandise." (Exhibit B, p. 1). The Stable website offers for sale "Terlingua Shirts" including shirts bearing the term "Terlingua Racing Team." Also offered are shirts featuring a side view of a stylized "Running Rabbit" which is confusingly similar to RTE's Rabbit logo (Exh. B, pp. 3-5). The shirts are black with yellow text and Rabbit logo. The Stable website describes its apparel as: "Included in this cool lineup of apparel are items featuring the black and yellow Terlingua Racing Team logo." (Exh. B, p. 7).

15. Defendant The Stable's website advertises for sale "Terlingua Shirts" bearing the term "Terlingua Ranch" and a side view of a stylized running Rabbit. (Exh. B, pp. 3-5). The shirts are black with yellow text and Rabbit logo. (The "Terlingua Ranch" owner, the Property Owner's Association of Terlingua Ranch, Inc. (POATRI), is an authorized licensee of Plaintiff RTE but is not authorized to sell goods through third-parties such as The Stable.)

16. Defendant The Stable's website includes on its "Home" page an image of an RTE Mark, the term "Terlingua Racing Team" and stylized Rabbit Logo. (Exh. B, p.10).

17. In addition, The Stable's website prominently features the Terlingua Racing Team marks and logos and creates a false impression that The Stable is a licensee of RTE and an authorized dealer in Terlingua Racing Team merchandise. The website even has a photo showing a large copy of the RTE Rabbit Logo and the term "Terlingua Racing Team" covering the outside of a front door to The Stable's place of business where customers are sure to see it. (Exh. B, p.10).

18. Defendant The Stable also has web pages available through Facebook's website which have advertised and do advertise for sale, and have shown and do show images of, products

bearing the RTE Marks without authorization. The Home page of The Stable Facebook site features a photo showing a large copy of the RTE Rabbit Logo and the term "Terlingua Racing Team" covering the outside of a front door to The Stable's place of business where customers are sure to see it. The "About" page of The Stable's Facebook page states "Terlingua Racing Team merchandise is sold…."

19. The "Posts" page of The Stable Facebook site features an image of an 'Order Form" for purchasing shirts bearing the RTE Marks, including the term "Terlingua Racing Team" and the Rabbit Logo. (Exh. C, pp. 1-3). The Stable's Facebook Home page also offers for sale "Terlingua Shirts," including black shirts bearing the term "Terlingua Racing Team" and a stylized Running Rabbit in yellow.

20. Upon information and belief, The Stable store has sold and currently offers for sale unauthorized merchandise bearing the RTE Marks. For example, The Stable store has sold and offers for sale unauthorized merchandise such as shirts, tote bags, jackets and other apparel bearing the RTE Marks, including the Rabbit Logo and the term "Terlingua Racing Team." Many of these items are sold in the black and yellow color scheme of the Terlingua Racing Team.

21. Defendants have infringed on Plaintiff's trademark rights by using the RTE Marks without Plaintiff's authorization or permission in connection with the marketing and sale of Defendants' products and services. Upon information and belief, Defendant Durant authorized and directed and personally participated in the infringing acts. RTE has requested Defendants to cease and desist from their acts of infringement and has given Defendants actual notice of RTE's registrations, but Defendants have failed to cease such acts.

<u>First Claim for Relief</u>
<u>Infringement of Federally Registered Trademark</u>

PLAINTIFF'S ORIGINAL COMPLAINT– PAGE 5

22. RTE realleges paragraphs 1–21 of this Complaint.

23. The Defendants have, without the consent or authorization of RTE, used and have continued to use after receiving notice of RTE's trademark rights, the RTE Marks in connection with the sale, offering for sale, distribution and advertising of Defendants' goods and services, and such use has caused and if not enjoined is likely to continue to cause confusion, to cause mistake and to deceive.

24. The aforesaid acts of the Defendants constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25. The aforesaid acts of the Defendants have been and continue to be intentional, willful and in bad faith.

26. RTE has been and is likely to be damaged by the Defendants' infringing and unlawful acts.

27. The acts of the Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause RTE to suffer irreparable harm.

28. RTE has no adequate remedy at law and is entitled to seek injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

<u>Second Claim for Relief</u>
<u>Federal Unfair Competition and False Designation of Origin</u>

29. RTE realleges paragraphs 1–28 of this Complaint.

30. The Defendants' use of the RTE Marks caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection with, or association of Defendants

or Defendants' goods and commercial activities with Plaintiff or Plaintiff's goods and commercial activities, or as to the origin, sponsorship, or approval of Defendants' goods and commercial activities by Plaintiff.

31.     The Defendants' use of the RTE Marks is competing unfairly with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     The aforesaid acts of the Defendants constitutes false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     The aforesaid acts of the Defendants have been and continue to be intentional, willful and in bad faith.

34.     RTE has been and is likely to be damaged by the Defendants' infringing and unlawful acts.

35.     The acts of the Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause RTE to suffer irreparable harm.

36.     RTE has no adequate remedy at law and is entitled to seek injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

### Third Claim for Relief
### Trademark Infringement and Unfair Competition under Common Law

37.     RTE realleges paragraphs 1–36 of this Complaint.

38.     Said acts of Defendants constitute unfair competition and an infringement of RTE's common-law rights in the RTE Marks.

39. The Defendants' acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's RTE Marks, and Plaintiff's business, reputation and goodwill. RTE has no adequate remedy at law, as monetary damages are inadequate to compensate RTE for the injuries caused by the Defendants.

40. As a direct and proximate result of the Defendants' conduct alleged herein, RTE has suffered damages and the Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of and any damages to RTE resulting from such unlawful conduct.

## Prayer for Relief

WHEREFORE, RTE prays for the following relief:

a. Judgment in favor of RTE and against the Defendants as to all causes of action contained in RTE's complaint;

b. An award of RTE's damages and costs and the Defendants' profits under 15 U.S.C. § 1117(a) and common law;

c. A finding that this is an "exceptional" case under 15 U.S.C. § 1117(a), together with an award to RTE of treble actual damages or treble the Defendants' profits, whichever is greater, and its attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

d. Grant a preliminary and a permanent injunction requiring the Defendants to cease using and deliver to Plaintiff all materials on which the RTE Marks or confusingly similar marks appear, and remove and take steps to have removed any and all online postings in which the RTE Marks or confusingly similar trademarks are used, and remove and take steps to have removed any and all advertising in which the RTE Marks or confusingly similar trademarks are used; and

   e.  Grant Plaintiff RTE such other and further relief as the Court may deem necessary, just and proper.

<u>Jury Demand</u>

Plaintiff RTE respectfully demands trial by jury.

Dated this 26th day of August, 2019.

            Respectfully submitted,

            /s/ Peter V. Schroeder
            Peter V. Schroeder, Texas Bar No. 00794606
            David Joers, Texas Bar No. 10669800
            Booth Albanesi Schroeder, PLLC.
            10000 N. Central Expressway, Suite 400
            Dallas, TX 75231
            Telephone: 214-220-0444
            E-mail: PSchroeder@ipoftexas.com
                 DJoers@ipoftexas.com

            ATTORNEYS FOR PLAINTIFF